# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| ZORRI N. RUSH | PLAINTIFF |
| v. | CIVIL CASE 3:19-cv-71-HSO-JCG |
| MISSISSIPPI DEPARTMENT OF REHABILITATION DISABILITY DETERMINATION SERVICES | DEFENDANT |

### REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BE DENIED

BEFORE THE Court is *pro se* Plaintiff Zorri N. Rush's Motion to Proceed *in forma pauperis*. (ECF No. 2). The undersigned twice ordered Rush to complete a standardized Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239, which requires an applicant for *in forma pauperis* status to provide straightforward and particularized information concerning his or her financial circumstances, acknowledge that the statements are subject to penalty of perjury, and acknowledge that a false statement is cause for dismissal of the suit. Rush has twice refused to complete the form application and instead has offered incomplete and conflicting financial statements and questioned the Court's power to require him to complete a form application. Rush's Motion to Proceed *in forma paupers* should be denied.

## BACKGROUND

Rush has sued Mississippi Department of Rehabilitation Services, a state agency that operates with the Social Security Administration in the disability determination process. Rush's Complaint provides, "During a severe health scare the plaintiff requested the defendants perform an analysis to determine if a decision in 2007 to deny access to disability insurance benefits was made in error." (ECF No. 1, at 2). Rush asserts that the Mississippi Department of Rehabilitation Services "failed to provide the judge with the information needed to make determinations regarding the unsuccessful work attempts and lack of substantial gainful work activity since 2007." *Id.* "The fraudulent record created by the defense is now being used by the United States government to deny full access to disability insurance benefits to the plaintiff despite his being a faithful taxpayer." *Id.* at 3. Rush alleges that the Mississippi Department of Rehabilitation Services has "boldly refused to documents [sic] the plaintiff's complicated medical history accurately since 2007." *Id.* "[P]laintiff requests actions commence based on 9 USC 4: Failure to arbitrate under agreement and order relief as follows to compel arbitration after the defense has violated the United States Constitution by denying the plaintiff due process." *Id.* at 4 [all sic in original].

This suit is related to *Rush v. Berryhill,* 1:18-cv-172-SA-RP (N.D. Miss. Sept. 26, 2018), one of twelve lawsuits Rush filed in the United States District Court for the Northern District of Mississippi within the six-month period from September 2018 through March 2019. From December 2018 to April 2019, Rush filed nineteen

cases in this Court. Eight of Rush's lawsuits filed in this Court were transferred to the Northern District of Mississippi. Only *Berryhill* remains pending in the Northern District of Mississippi.

In *Berryhill*, Rush challenges a May 2016 favorable decision by the Commissioner of the Social Security Administration awarding Rush disability and supplemental security income benefits. Rush argues that the Commissioner improperly found his onset of disability date to be in 2014 when his onset of disability was actually in 2007. Rush's allegations in this suit are strikingly similar to those in *Berryhill*, albeit against a different defendant.[1] The Magistrate Judge has issued a Report and Recommendation in *Berryhill*, recommending that the portion of Rush's suit concerning the Commissioner's May 2016 decision be dismissed because Rush did not request review of the decision by the Appeals Council within 60 days and instead requested review over a year later. The Appeals Council denied Rush's belated request for review. The Magistrate Judge in *Berryhill* has recommended dismissal of Rush's challenge to the Commissioner's May 2016

---

1 The similarity of the allegations in this suit and *Berryhill* raises the issue of whether this suit, filed after *Berryhill,* is malicious. 28 U.S.C. § 1915(e)(2)(B) requires courts to dismiss an action where the plaintiff is proceeding *in forma pauperis* at any time the court determines that the action if frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Because the undersigned concludes that Rush has not met his burden of establishing that he is financially eligible to proceed *in forma pauperis,* this Report and Recommendation does not address whether Rush's suit would survive screening under 28 U.S.C. § 1915(e)(2)(B) in the event Rush were granted *in forma pauperis* status.

3

decision because Rush failed to exhaust administrative remedies as required to invoke federal subject matter jurisdiction.

In this case, as in all thirty-one cases Rush filed in the Northern and Southern District of Mississippi between September 2018 and April 2019, Rush filed a Motion to Proceed *in forma pauperis*. (ECF No. 2). On one page of the Motion, Rush reported $952.00 in monthly disability benefits, and on another page, he reported $966.00 in unspecified monthly income. *Id.* at 1-2. On one page of his Motion, Rush reported $768.30 in expenses, with a $250.00 "Shelter Contribution," $250 "monthly paid to family member for dependent care and home assistance," $196.35 for "household item purchases monthly," $16.95 for "Fax services," $35 for office supplies, and $20 for "church dues." *Id.* On a separate page, Rush stated that his entire "exclusions" were "$446.85 for shelter essentials." *Id.* at 2. Rush submitted that "[a]dditional expenses (medical, dependent care, etc.) are not presented in this affidavit." *Id.*

Rush certified under Federal Rule of Civil Procedure 11 that his Complaint was not presented for an improper purpose, it was supported by law, and the factual contentions had evidentiary support. *Id.* at 1. In a notarized paragraph, Rush stated that "because of my poverty I am not able to pay the costs or give security for the same in an array of civil actions against merchants and government offices for unethical and possible criminal acts." *Id.* at 2. Rush submitted that he has not been engaged in "substantial gainful work activity since 2007 due to disabling conditions rendering me a vulnerable adult. *Id.*

4

Rush was ordered to complete a standardized Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. (ECF No. 3). The standardized form was mailed to Rush with the Order. The form required Rush to provide more complete, straightforward, and particularized answers about his income, employment history, marital status and spouse's income (if applicable), financial accounts, debts owed to Rush or his spouse (if applicable), and information concerning dependents, including their age and relationship. (ECF No. 3-1). The form required Rush to aver as to whether he expected changes to his income, expenses, assets, or liabilities during the next twelve months. The form required Rush to state whether he had or would be spending any money for expenses or attorney fees in conjunction with his lawsuit.

The standardized application also contained a provision modeling the statutory language of 28 U.S.C. § 1915(a)'s affidavit of poverty requirement. The application required Rush to sign the following statement: "I am a plaintiff . . . and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims." (ECF No. 3-1, at 1).

The Court's Order requiring Rush to complete the AO 239 application warned Rush that if he failed to submit a completed application, it would be deemed delay and contumacious conduct by him that could result in his case being dismissed under Federal Rule of Civil Procedure 41(b) and under the Court's inherent

authority to dismiss an action *sua sponte*. *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Rush did not complete the standardized *in forma pauperis* application and instead filed a Response stating that he "is a businessman" who has filed numerous lawsuits. (ECF No. 4, at 1). Rush objected to completing the standardized application and directed the undersigned to review the dockets of three other pending cases filed by Rush where Rush was allowed to proceed *in forma pauperis* without completing Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. (ECF No. 4, 1-2). *See Rush v. Open Arms Healthcare Ctr.,* 3:18-cv-854-HTW-LRA (S.D. Miss. Dec. 10, 2018); *Rush v. South Miss. Rural Health Initiative,* 3:18-cv-855-HTW-LRA (S.D. Miss. Dec. 10, 2018); *Rush v. Berryhill,* 1:18-cv-172-SA-RP (N.D. Miss. Sept. 12, 2018).

A Second Order issued, requiring Rush to file a completed standardized AO 239 application by May 1, 2019. The Second Order provided that "[t]he financial assertions in Rush's filings are conflicting. In his Motion, Rush submits that he has no income beyond social security benefits. (ECF No. 2). In his Response, Rush maintains that he 'is a businessman.' (ECF No. 4)." (ECF No. 5, at 3). The Second Order stated:

> Plaintiff must specifically clarify his financial status under penalty of perjury in a completed Form AO 239 Application. If Plaintiff does not submit a completed Form AO 239 Application, it will be recommended to the District Judge that Plaintiff's request to proceed *in forma pauperis*

6

>   be denied and that Plaintiff be required to pay the $400.00 civil filing fee. The undersigned will recommend that should Plaintiff fail to timely pay the $400.00 civil filing fee, this matter be dismissed.

(ECF No. 5, at 3).

In response to the Second Order, Rush filed a Response, steadfast in his position that he would not complete the standardized *in forma pauperis* application. Rush questioned the Court's ability to require him to do so, "request[ing] to know what his honor requires in this case that is different than the other cases and why the law requires that in these proceedings." (ECF No. 6, at 3).

## DISCUSSION

The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of costs or security thereof . . . ." 28 U.S.C. § 1915(a)(1). "Whether a party may proceed IFP in the district court is based solely upon economic criteria." *Bell v. Children's Protective Servs.*, 506 F. App'x 327, 327 (5th Cir. 2013) (citing *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir. 1976)). "Poverty sufficient to qualify does not require absolute destitution." *Id.* (citing *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948)). "The central question is whether the movant can afford the costs without undue hardship or deprivation of the necessities of life." *Id.* (citing *Adkins,* 335 U.S. at 339-40). "[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915." *Flowers v. Turbine Support*

7

*Div.,* 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds as recognized in Thompson v. Drewry,* 138 F.3d 984, 985-86 (5th Cir. 1998).

Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. At the same time, a district court may order users of the courts to pay a portion of the filing fees when they are financially able to do so." *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). "A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship." *Id.* (citing *William v. Estelle,* 681 F.2d 946 (5th Cir. 1982) and *Smith v. Martinez,* 706 F.2d 572, 573-74 (5th Cir. 1983)).

Section 1915(a) requires applicants for *in forma pauperis* status to complete an affidavit of poverty. Section 1915(a)'s affidavit requirement protects against fraudulent invocation of 28 U.S.C. § 1915. *See Black v. C.I.A.,* 772 F.2d 905, 1 (6th Cir. 1985). The *in forma pauperis* statute expressly calls for dismissal of a claim if at any time it is discovered that a plaintiff's allegations of poverty are untrue. 28 U.S.C. § 1915(e)(2)(A).

A district court has authority to conduct reasonable investigations into an allegation of poverty. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 441 (5th Cir. 2016). The district court has authority to require an applicant for pauper status to complete a standardized application. *Id.* at 440; *see Zaun v. Dobbin,* 628 F.2d 990, 992-93 (7th Cir. 1980) (finding *Adkins v. E.I. Du Pont de Nemours & Co.,*

8

335 U.S. 331, 339 (1948) did not prohibit requiring completion of form financial affidavits).

In *Nottingham,* the Court of Appeals for the Fifth Circuit affirmed the dismissal of an action under Federal of Civil Procedure 41(b) where the applicant for *in forma pauperis* status refused to submit a completed questionnaire and paid the filing fee in an attempt to avoid complying with the Court's order that he complete the questionnaire. *Nottingham,* 837 F.3d at 441-42. The dismissal was effectively a dismissal with prejudice because the statute of limitations probably barred future litigation. *Id.* The Fifth Circuit held that dismissal with prejudice was within the district court's discretion because there was a clear record of contumacious conduct, namely plaintiff's obstinate refusal to abide by court orders. *Id.* at 442-43. The Fifth Circuit found that "[a] district court retains authority to conduct reasonable investigations into the allegation of poverty even *after* the filing fee payment." *Id.* (emphasis supplied). The Court rejected "Nottingham's argument that his noncompliance can be excused on the ground that the district court lacked the authority to require him to complete the questionnaire after he paid the filing fee." *Id.* The Court emphasized that "[a] litigant may not flout valid court orders simply because he is not independently certain of their validity." *Id.* at 442.

The United States District Court for the Northern District of Mississippi has exercised its discretion to require Rush to complete a standardized application in thirteen cases. The Northern District dismissed thirteen of Rush's lawsuits because Rush refused to complete the application, he did not appear for a hearing before the

9

Chief Judge to discuss his pending suits, and his cases were either frivolous or malicious. *See Rush v. Miss. Reg. Housing Auth.,* 1:18-cv-195-SA-RP (N.D. Miss. Nov. 5, 2018) (closed Apr. 30, 2019); *Rush v. Carmax,* 1:18-cv-210-SA-RP (N.D. Miss. Nov. 16, 2018) (closed Apr. 30, 2019); *Rush v. Regions,* 1:19-cv-19-SA-RP (N.D. Miss. Jan. 14, 2019) (closed Apr. 30, 2019); *Rush v. Eupora Family Med. Ctr.,* 1:19-cv-20-SA-RP (N.D. Miss. Jan. 22, 2019) (closed Apr. 30, 2019); *Rush v. Budget Car and Truck Rental of Memphis,* 1:19-cv-26-SA-RP (N.D. Miss. Jan. 30, 2019) (closed Apr. 30, 2019); *Rush v. Webster Co. Dept. of Human Servs.,* 1:19-cv-32-SA-RP (N.D. Miss. Feb. 13, 2019) (closed Apr. 30, 2019); *Rush v. Miss. Reg. Housing Auth.,* 1:19-cv-33-SA-RP (N.D. Miss. Feb. 12, 2019) (closed Apr. 30, 2019); *Rush v. Mountain Laurel Ass. Co.,* 1:19-cv-52-SA-RP (N.D. Miss. Mar. 6, 2019) (closed Apr. 30, 2019); *Rush v. Garfield,* 1:19-cv-53-SA-RP (N.D. Miss. Mar. 6, 2019) (closed Apr. 30, 2019); *Rush v. Miss. Reg. Housing Auth.,* 1:19-cv-54-SA-RP (N.D. Miss. Mar. 6, 2019) (closed Apr. 30, 2019); *Rush v. Webster Co. Dept. of Human Servs. Snap Div.,* 1:19-cv-56-SA-RP (N.D. Miss. Mar. 6, 2019) (closed Apr. 30, 2019); *Rush Budget Car and Truck Rental of Memphis,* 1:19-cv-57-SA-RP (N.D. Miss. Mar. 6, 2019) (closed Apr. 30, 2019); *Rush v. Eye Clinic of Eupora,* 1:19-cv-61-SA-RP (N.D. Miss. Mar. 6, 2019) (closed Apr. 30, 2019). The Chief Judge of the Northern District of Mississippi found "[t]he record in all of [Rush's] cases clearly reflects that Rush has repeatedly and wholly failed to comply with the Court's orders and indicates that dismissal is warranted." The Chief Judge directed the Clerk of Court for the Northern District of

10

Mississippi "to keep Rush on a 'do not file' status and to hold all pleadings and documents that Rush attempts to file in a separate file for the Court's review."

In this case, the Court should exercise its power to ensure that the privilege of proceeding at the expense of the government is properly granted by enforcing the Orders requiring Rush to complete Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. A completed Form AO 239 application supplies the Court with particularized and reasonably detailed information in a straightforward manner that is useful to the Court in reaching an informed decision. The information required by Form AO 239 is identical to the information the Federal Rules of Appellate Procedure require for an applicant seeking to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(1)(A) ("The party must attach an affidavit that shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs). Rush's refusal to respond forthrightly and completely to the Court's legitimate inquiry into the details of his financial situation deprives the Court of helpful information to make a proper determination and should foreclose Rush from proceeding *in forma pauperis*. It is a "privilege to proceed at the expense of the government and the district court has the power to ensure that this privilege is properly granted." *Lay v. Justices-Middle District Court,* 811 F.2d 285, 286 (5th Cir. 1987).

Rush has offered incomplete, conflicting, and unclear statements about his financial circumstances, stating on one hand that he is a businessman and taxpayer, and on the other, that he receives only disability benefits and is homeless.

11

Rush claims expenses for dependents but does not identify their age or relationship to him. He reports "$250 paid to family member for dependent care and home assistance." (ECF No. 2, at 1). Rush reports discretionary expenses for office supplies, fax services, and charitable donations. Rush has not established that he is incapable of paying any part of the filing fee. Rush has not acknowledged that his statements are subject to penalty of perjury and that untrue statements are cause for dismissal.

Rush should be required to pay the filing fee within thirty days. If Rush does not pay the filing fee within thirty days, his case should be dismissed without prejudice. Even if the dismissal would effectively be a dismissal with prejudice because of an expired statute of limitations, there is a clear record of contumacious conduct by Rush that can only be attributed to him, and lesser sanctions would not serve the best interests of justice. *Nottingham,* 837 F.3d at 441.

### NOTICE OF RIGHT TO OBJECT/APPEAL

Pursuant to 28 U.S.C. § 636(b)(1) and Local Uniform Civil Rule 72(a)(1), any party who desires to object to this Report and Recommendation must serve and file written objections "[w]ithin fourteen days after being served with a copy." 28 U.S.C. § 636(b)(1)(C). "Objections must be filed and served upon the other party or parties . . . ." L.U.Civ.R. 72(a)(1)(A). The District Judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C). "No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate's ruling is clearly erroneous or contrary to law." L.U.Civ.R. 72(a)(1)(B).

A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. If Plaintiff does not file objections to this Report and Recommendation, he will be barred from a *de novo* determination by the District Judge. Additionally, if Plaintiff does not file objections to this Report and Recommendation, he will be barred, except on grounds of plain error, from attacking on appeal the proposed findings and recommendations that have been accepted by the District Judge and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**THIS**, the 22nd day of May, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE